ABIJAH HULL, plaintiff in error *v.* ABNER BLAISDELL and JOHN C. SMITH, defendants in error.

*Error to Madison.*

The rule of law applicable to variance, is, that whenever an instrument in writing or a record is not the foundation of the action, a variance is not material, unless the discrepancy is so great as to amount to a strong probability that it cannot be the instrument or record described.

A justice of the peace has not jurisdiction of an action by attachment, for a demand exceeding $30.

Where the writ of attachment described in a declaration, in an action of trespass against a justice of the peace for issuing an attachment where he had no jurisdiction, was for $38,12½, and the writ of attachment produced in evidence was for $37,50. *Held* that there was no material variance.

The justice of the peace who issues, and the constable who executes, process in a case where the justice has not jurisdiction, are both liable as trespassers.

THIS cause was tried at the April term, 1833, of the Madison Circuit Court, before the Hon. Theophilus W. Smith and a jury, and a verdict and judgment rendered for the defendant.

A. COWLES, for the plaintiff in error, cited 20 Johns. 355; Nowlin *v.* Bloom, Breese 98; Snyder *v.* Lafromboise, Breese 268; 8 Cowen.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *trespass* brought by Hull against Blais-

dell and Smith, for taking and carrying away the plaintiff's goods. The declaration states, in substance, that Blaisdell on the second day of July, 1832, was a constable of the county of St. Clair, and Smith a justice of the peace, and on the day and year aforesaid, said Smith unlawfully issued an attachment in favor of one John White, against the goods and chattels of the plaintiff, for a greater debt than thirty dollars, to wit, for thirty-eight dollars twelve and a half cents. That the attachment came to the hands of Blaisdell, as constable as aforesaid, and the said Blaisdell and Smith did by means of the said process unlawfully, and with force and arms, take, seize, and carry away, two hundred bushels of lime and other property, all being the proper goods and chattels of the plaintiff.

The defendants pleaded the general issue. On the trial, the plaintiff, to sustain his cause of action, gave in evidence to the jury, the following writing (produced by the defendants upon notice to produce the papers described in the declaration), which was read to the jury without objection; and is in the words and figures following, to wit: "The people of the State of Illinois, To any constable of Saint Clair county, Greeting. Whereas John White hath complained on oath, before me, John C. Smith, an acting justice of the peace for said county, that one Abijah Hull is justly indebted to him in the sum of $37,50, and has absconded, so that the ordinary process of law cannot be served upon him, and the said John White having given bond and security according to the directions of the act in such case made and provided;—We therefore command you, that you attach so much of the personal estate of the said Abijah Hull, if to be found in your county, as shall be of value sufficient to satisfy the said debt and costs, according to the complaint; and such estate, so attached, in your hands to secure and provide, so that the same may be liable to further proceedings thereupon, according to law, at a Court to be holden by me on the 10th day of July instant, at the town of Illinois, in said county of St. Clair, and have you then and there this writ. Given under my hand and seal, this 2d day of July, 1832. John C. Smith, J. P. St. C. C."

On the back of said paper is endorsed the following, to wit:

"John White, *v.* Abijah Hull,

| | |
|---|---|
| Attachment debt, | $37,50 |
| Costs, | 2,00 |

This attachment came to my hands the 2d July, at 2 o'clock P.M.—Served this attachment by levying on 200 barrels of lime, and about 500 feet of plank. July 3, 1832. A. Blaisdell, Constable.

| | |
|---|---|
| Serving attachment, | $1,00 |

A. B. Const."

On the trial, the plaintiff's counsel moved for the following instructions, which were refused, to wit: 1st, That the attachment exhibited in evidence to the jury, of John White *v.* Abijah Hull, is competent evidence to prove the matters charged in the plaintiff's declaration. 2d, That the gist of the offence consists in the taking by unlawful process, and the variance in the description, is immaterial. The following instructions, asked for by the plaintiff, were given, to wit, That the signature of the justice, and the return of the acts of the officer upon the back of the attachment, prove themselves.

Instructions were also asked by the defendants' counsel and given, but it is unnecessary to state them, for if the instructions prayed for by the plaintiff and refused, ought to have been given, then the instructions asked for by defendant, should have been refused.

Ought the instructions asked for by the plaintiff and refused by the Court, to have been given? By the 6th section of the " *Act to amend an act concerning attachments,*" justices of the peace are authorized to issue attachments on any sum under $30. The attachment issued in this case being for a sum over $30, was clearly unwarranted by law, and in issuing it, the justice, and in serving it, the constable who acted under it, became trespassers. Was there then such a variance between the evidence offered and the declaration, as to have justified the Court in rejecting the evidence, if its reception had been opposed?

The rule of law applicable to variances, as laid down in the case of Leidig *v.* Rawson,(1) is, " That whenever an instrument of writing or a record is not the foundation of the action, a variance is not material, unless the discrepancy is so great as to amount to a strong probability that it cannot be the instrument or record described." The gist of this action consisted in issuing an attachment for any sum over $30, however great or small that excess might be. The issuing of the attachment for a sum over $30, and the subsequent execution of the illegal process, are the acts that rendered the defendants liable to an action; consequently the variance was immaterial; and the only enquiry ought to have been, was the attachment given in evidence, the illegal attachment complained of? On this point there can be no doubt. In addition to its exact conformity in most particulars, to the one described in the declaration, the defendants produced it on the trial, under a notice to produce the paper described in the declaration. Would the defendants have produced this paper under such a notice, and suffered it to be read to the jury without objection, if it had not been the paper described in the declaration? We think not. The refusal, therefore, of the Court to give the instructions asked for, was

(1) *Ante* 272.

erroneous. The judgment must be reversed with costs, and the cause remanded with directions to award a *venire de novo.*

*Judgment reversed.*

*Note.* Since the cause of action accrued in the foregoing cause, acts have been passed by the General Assembly, giving to justices of the peace jurisdiction of causes by attachment, where the amount does not exceed $50. R. L. 84; Gale's Stat. 74; Acts of 1836-7, 12.